IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAUNTAI WINFREE | ) | |
| | ) | |
| v. | ) | No. 3:16-1369 |
| | ) | |
| NANCY A. BERRYHILL | ) | |
|     Acting Commissioner of | ) | |
|     Social Security[1] | ) | |

To:    The Honorable Waverly D. Crenshaw, Chief District Judge

# REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") as provided under Title II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 10), to which Defendant has filed a response. Docket Entry No. 13.

Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 10) be **DENIED**.[2]

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Counsel for Plaintiff filed a motion for leave to file a corrected memorandum in support of the motion for judgment on the record after discovering that he had inadvertently referred to Plaintiff by the wrong name in two different places in the initial memorandum. *See* Docket Entry No. 18. While counsel's

## I. INTRODUCTION

Plaintiff filed an application for a period of disability, DIB, and SSI on April 20, 2011. *See* Transcript of the Administrative Record (Docket Entry No. 6) at 201-02.[3] She alleged a disability onset date of September 30, 2008. AR 201-02. Plaintiff asserted that she was unable to work because of asthma, a breathing condition, and back problems. AR 231.[4]

Plaintiff's applications were denied initially and upon reconsideration. AR 201-04. Pursuant to her request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared and testified at a hearing before ALJ Scott C. Shimer on April 23, 2013. AR 152. The ALJ denied the claim on August 2, 2013. AR 136-38. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 19, 2016 (AR 18-21), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

## II. THE ALJ FINDINGS

The ALJ issued an unfavorable decision and made the following enumerated findings based upon the record:

1. The claimant is found to meet the insured status requirements of the Social Security Act through at least the date of this decision.

---

diligence in this regard is appreciated, the Court finds that this immaterial error has no impact on the undersigned's analysis and thus does not necessitate the substitution of an amended memorandum. Plaintiff's motion to file a corrected memorandum (Docket Entry No. 18) is therefore DENIED as moot.

[3] Due to some indecipherable numbering in the administrative record, and in order to maintain uniformity, the Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page ID number(s) located at the bottom of each page in Docket Entry No. 6, which are preceded in the electronic footer by "Page ID #." All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page ID number(s), which are immediately preceded in the electronic footer by "Page ID #."

[4] Plaintiff also filed an earlier application for a period of disability, DIB, and SSI on December 18, 2008, which a separate ALJ denied and the Appeals Council subsequently declined to review. *See* AR 127, 205-19.

***

2. The claimant has not engaged in substantial gainful activity since March 26, 2011, the first date she can be found disabled (20 CFR 404.1571 *et seq.,* and 416.971 *et seq.*).

***

3. The claimant has the following severe impairments: asthma, obesity, lumbar spondylosis, and bipolar disorder (20 CFR 404.1520(c) and 416.920(c)).

***

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

***

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional postural activities, and no exposure to pulmonary irritants or poor ventilation. She could perform simple routine tasks, could adjust to gradual and infrequent workplace changes, could not work around the general public, but could work around co-workers and supervisors on an occasional basis.

***

6. The claimant is capable of performing her past relevant work (20 CFR 404.1565 and 416.965).

***

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 26, 2011, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

8. The claimant's subjective complaints, including pain, have been evaluated as required under the applicable regulations and rulings.

AR 141-46.

### III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to

support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

**B. Determining Disability at the Administrative Level**

The claimant has the ultimate burden of establishing an entitlement to benefits by proving her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if she applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that she is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that she suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a

listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render her presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to her past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of

the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

### C. The ALJ's Five -Step Evaluation of Plaintiff

In the instant case, the ALJ resolved the Plaintiff's claim at step four of the five-step process. The ALJ found that Plaintiff met the first two steps, but found at step three that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Plaintiff was able to perform past relevant work and thus concluded that Plaintiff has not been under a disability since March 26, 2011, the day after she received an unfavorable decision in connection to her initial application for benefits. AR 139, 141-46.

### D. Plaintiff's Assertions of Error

Plaintiff argues that the ALJ erred by (1) failing to properly consider her alleged intellectual disability, and (2) failing to develop the record for an unrepresented claimant. DE 11 at 1195-97. Plaintiff therefore requests that this case be reversed and benefits awarded, or,

alternatively, remanded pursuant to sentence four of 42 U.S.C. § 405(g) for an additional hearing before an ALJ. *Id*. at 1197-98.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertions of error below.

**1. Intellectual disability.**

Plaintiff claims that the ALJ erred by failing to find that her intellectual disability represents a severe impairment. Plaintiff contends that her intellectual disorder meets the requirements of Listing 12.05C, which, if true, would entitle Plaintiff to an award of benefits.[5]

Listing 12.05C requires a claimant to meet three criteria: (1) significantly subaverage intellectual functioning with deficits in adaptive functioning that initially manifested prior to age

---

[5] The Social Security Administration removed Listing 12.05C from Subpart P, Appendix 1 in January of 2017. Because Plaintiff's complaint was filed in June of 2016, however, Listing 12.05C applies to the undersigned's analysis. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations."); *Cameron v. Colvin*, No. 1:15-cv-169, 2016 WL 4094884, at *2 (E.D. Tenn. Aug. 2, 2016) ("It is well-established that, absent explicit language to the contrary, administrative rules do not apply retroactively.") (internal citation omitted).

22;[6] (2) a valid verbal, performance, or full scale IQ score of 60 through 70; and (3) a physical or other mental impairment that significantly limits the claimant's ability to work. *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 697 (6th Cir. 2007) (internal citation omitted). The claimant bears the burden of demonstrating that she meets a particular listing, *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001), and a claimant does not satisfy the listing unless all of the requirements of that listing are present. *Hale v. Sec'y of Health & Human Servs.,* 816 F.2d 1078, 1083 (6th Cir. 1987) (citing *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984)); *see also Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S. Ct. 885, 891, 107 L. Ed. 2d 967 (1990) (noting that an impairment that "manifests only some of those criteria, no matter how severely, does not qualify.").[7]

In support of her argument, Plaintiff relies primarily on a consultative psychological evaluation performed by Philip Barkley, a senior psychological examiner, on December 11, 2012. AR 809-13. Mr. Barkley's findings included a Full Scale IQ score of 51, as well as a Verbal Comprehension score of 56, a Perceptual Reasoning score of 58, a Working Memory score of 60, and a Processing Speed score of 56. AR 812. Such scores, if accepted, would satisfy the second prong of Listing 12.05C as articulated in *West*.[8] However, the ALJ rejected the validity of these scores based on the dearth of evidence in the administrative record suggestive of any intellectual impairment. AR 142. The ALJ also highlighted Plaintiff's substantial work

---

[6] This prong is known as the "diagnostic description" of Listing 12.05. *See Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001) ("A claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled thereunder.").

[7] The phrase "intellectual disability" has replaced the previous term, "mental retardation," in Listing 12.05. The Court will refer to "mental retardation" in some instances out of necessity due to the use of the word term in the record. The terms are interchangeable, however, for purposes of this Report & Recommendation.

[8] Most of these scores would in fact satisfy the "B" criteria contained in the version of Listing 12.05 in effect at the time Plaintiff's claim was filed, which requires a "valid verbal, performance, or full scale IQ of 59 or less[.]" 20 C.F.R. § Pt. 404, Subpt. P, App. 1. Plaintiff fails to argue, however, that she meets Listing 12.05B. Regardless, as discussed *infra*, Plaintiff fails to meet all of the criteria necessary to satisfy Listing 12.05B or 12.05C.

history, her daily activities indicative of an ability to live independently, and noted that Plaintiff's mental health treatment focused primarily on her anger issues, and not intellectual deficits, evidence that ultimately led the ALJ to the conclusion that Plaintiff's bipolar disorder represented a severe impairment. AR 142.

Plaintiff does not attempt to refute these findings. Aside from restating the scores derived from Mr. Barkley's testing, Plaintiff also faults the ALJ for failing to address "school transcripts" in the record relating to Plaintiff's participation in special education curriculum. *See* DE 11 at 1196.[9] Yet the "transcripts" referenced by Plaintiff constitute just two pages of barely legible writing that contain incomplete and unexplained scores from two semesters of elementary school and do little more than confirm that Plaintiff apparently attended special education classes (AR 348-49), a fact that is not in dispute. Indeed, the ALJ specifically discussed Plaintiff's involvement in special education for math and English both during the administrative hearing and in his written opinion. AR 142, 162. Plaintiff's claim of reversible error in the failure of the ALJ to discuss in any more depth the two pages of indecipherable documents therefore rings hollow.

The Court also notes that there is no evidence in the record that Plaintiff has ever been diagnosed with an intellectual disability by a treating physician. Although such a diagnosis is not required to reach the threshold of Listing 12.05C, the lack thereof has bearing on a determination of whether the listing is met. *See Peterson v. Comm'r of Soc. Sec.*, 552 F. App'x 533, 539 (6th Cir. 2014) ("Although an [intellectual disability] diagnosis is not a necessary prerequisite to satisfy Listing 12.05, its absence is probative for a 12.05C determination.") (citing *Cooper v. Comm'r of Soc. Sec.,* 217 F. App'x 450, 452 (6th Cir. 2007)). Plaintiff's own testimony suggests

---

[9] Plaintiff cites four pages that she claims represent school records (DE 11 at 1196), yet two of the four pages she cites actually document medical treatment she received for lower back pain in April of 2010. *See* AR 350-51.

that her alleged mental condition does not involve any intellectual deficiency, but rather "anger issues." AR 179. Plaintiff's testimony also reveals that she has never been incapable of doing her past work due to intellectual deficits, with Plaintiff instead claiming that she has been forced to give up various types of employment due to "physical problems" (AR 168), which included "back problems" (AR 175), frustration with children (AR 169), carpal tunnel syndrome (AR 170-71), allergies (AR 173), and asthma (AR 168, 173).

Plaintiff also identifies no opinion suggesting that she experienced deficits in adaptive functioning prior to age 22, as required by Listing 12.05, which weighs against a finding that such deficits existed during that period. *See Eddy v. Comm'r of Soc. Sec.*, 506 F. App'x 508, 510 (6th Cir. 2012) (holding that claimant failed to establish deficits in adaptive functioning prior to age 22 "because the psychological evaluations and other medical evidence in the record did not address the relevant period"). Even Mr. Barkley declined to find that Plaintiff had experienced any limitations prior to age 22. *See* AR 815. This is crucial because Plaintiff's participation in special education classes alone does not represent sufficient evidence to meet the diagnostic criteria required by Listing 12.05. *See Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 677 (6th Cir. 2009) ("[T]his Court has never held that poor academic performance, in and of itself, is sufficient to warrant a finding of onset of subaverage intellectual functioning before age twenty-two."). This is true even when legible special education records are provided and considered in conjunction with a qualifying IQ score. *See Peterson*, 552 F. App'x at 540 ("[N]either circumstantial evidence such as school records nor a history of special education combined with an adult IQ score are necessarily enough to demonstrate that a claimant had adaptive functioning deficits before age twenty-two."). Furthermore, as discussed by the ALJ, Plaintiff's mental health treatment at Volunteer Behavioral Health Care demonstrated little evidence of any intellectual

symptoms, with Plaintiff instead consistently exhibiting a normal appearance, normal speech, normal orientation, appropriate psychomotor skills and behavior, and an organized thought process, as well as "good" and "age appropriate" marks in recent memory, remote memory, concentration, insight, judgment, and impulse control. AR 143, 594-95, 706-07, 710-11, 714-15, 722-23.

The ALJ rejected the validity of the scores from the consultative examination for several legitimate reasons (AR 142), none of which have been repudiated in Plaintiff's brief. Even if Mr. Barkley's scores had been accepted by the ALJ, this single consultative examination and Plaintiff's prior special education do not provide an adequate basis on which to reverse the ALJ's determination. *See Sheeks v. Comm'r of Soc. Sec. Admin.*, 544 F. App'x 639, 642 (6th Cir. 2013) ("A substantial question about whether a claimant meets a listing requires more than what [the claimant] has put forth here, a mere toehold in the record on an essential element of the listing."). Unfortunately for Plaintiff, "[i]t is not sufficient to come [] close to meeting the conditions of a Listing." *Naylor v. Comm'r of Soc. Sec.*, No. 2:15-cv-2817, 2016 WL 3995733, at *11 (S.D. Ohio July 26, 2016), *report and recommendation adopted,* 2016 WL 4398669 (S.D. Ohio Aug. 18, 2016) (citing *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1989)). The Court therefore finds that substantial evidence supports the ALJ's determination that Plaintiff does not meet the requirements of Listing 12.05C.

**2. Development of the administrative record.**

Plaintiff next contends that the ALJ erred by failing to more "scrupulous[ly]" develop the administrative record, a responsibility that Plaintiff claims was necessary in light of her lack of representation at the administrative level. DE 11 at 1196-97. Plaintiff specifically faults the ALJ

for failing to obtain the aforementioned special education records that Plaintiff believes demonstrate that her intellectual disability is a "lifelong" condition. *Id*. at 1197.

It is correct that an ALJ's "basic obligation to develop a full and fair record rises to a special duty when an unrepresented claimant unfamiliar with hearing procedures appeals before him." *Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983) (quoting *McConnell v. Schweiker,* 655 F.2d 604, 606 (5th Cir. 1981)). However, there is no "bright line test" used to determine whether the ALJ has failed to fully develop the record, with reviewing courts instead required to make such a determination on a case-by-case basis. *Id*. at 1052. Additionally, and significantly, the claimant may waive her statutory right to counsel. *Id*.

Plaintiff's argument is wholly unpersuasive. The Court initially notes that the ALJ discussed Plaintiff's right to representation at the administrative hearing in painstaking detail, which included an offer to postpone the hearing so that Plaintiff could contact other attorneys and the Legal Aid Society, an organization that provides free legal assistance to low-income clients. AR 155-56. Plaintiff's suggestion that she was somehow denied a fair hearing is also especially disingenuous as Plaintiff *was* represented during her prior administrative hearing on February 3, 2011 in connection with her initial claim for disability benefits, during which time she would have had ample opportunity to obtain any relevant educational records. AR 208.

Nevertheless, Plaintiff takes issue with the ALJ's failure to procure records that she claims show that her intellectual disability existed as a child. Though not articulated, Plaintiff appears to argue that these records demonstrate "significantly subaverage intellectual functioning with deficits in adaptive functioning that initially manifested prior to age 22," as required by the diagnostic description for Listing 12.05. However, as discussed above, the two pages of "school records" obtained by Plaintiff's counsel are not conclusive of anything other than her

participation in a special education program. AR 348-49. The ALJ acknowledged Plaintiff's involvement in special education both during her hearing and in the subsequent opinion (AR 142, 162), and as previously discussed, such involvement is insufficient to satisfy Listing 12.05C. *See Wells v. Colvin*, No. 2:13-CV-130-KKC, 2014 WL 3866029, at *3 (E.D. Ky. Aug. 6, 2014) (noting that claimant's attendance in special education classes in elementary school and failure to finish high school did not demonstrate onset before age twenty-two) (internal citation omitted). Therefore, to the extent that the ALJ committed any error by failing to obtain these two pages, such error is harmless as these records do not overcome the substantial evidence provided by the ALJ in support of his opinion. *See Collette v. Astrue*, No. 2:08-cv-085, 2009 WL 32929, at *9 (E.D. Tenn. Jan. 6, 2009) ("[A]n administrative decision should not be reversed and remanded where doing so would be merely 'an idle and useless formality.'") (quoting *Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 547 (6th Cir. 2004)). This assertion of error is thus rejected.

## V. RECOMMENDATION

For the above stated reasons, it is respectfully recommended that Plaintiff's motion for judgment on the administrative record (DE 10) be DENIED and the Commissioner's decision be AFFIRMED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See*

*Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____
BARBARA D. HOLMES
United States Magistrate Judge